NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012[*]
Decided October 30, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1424

| | |
|---|---|
| OTIS NICHOLSON, JR., <br>     *Plaintiff–Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 629 |
| ALLSTATE INSURANCE COMPANY, <br>     *Defendant–Appellee.* | Gary S. Feinerman, <br> *Judge.* |

**O R D E R**

Otis Nicholson appeals the grant of summary judgment in favor of his former employer, Allstate Insurance Company, in this employment suit claiming discrimination based on race, age, and sex; retaliation for complaining about discrimination; a hostile work environment; and failure to accommodate his disabilities. Because Nicholson failed to provide sufficient evidence to support his claims, we affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Allstate hired Nicholson as a project-manager consultant in its information-technology department. Soon thereafter, he asserted, his managers criticized his handling of disagreements with coworkers, his misunderstanding of his job duties, and his failure to follow Allstate's procedure of documenting the status of his projects. The managers commented on his work quality in terms that Nicholson regarded as "demeaning and disrespectful." His mid-year and year-end performance reviews alternated from "fair" (the second lowest of five possible ratings), to "successful" (one level higher), and "fair" again three successive times—ratings that precluded him under Allstate's policy from working from home. Nicholson filed an internal complaint with Allstate's conflict-resolution center and the Equal Employment Opportunity Commission. As part of a reduction in force ("RIF"), Allstate later laid off fifty-four employees, including Nicholson because of his low seniority among employees with a "successful" year-end performance-review rating and lack of skills needed for future integration and vendor-engagement projects.

After his layoff, Nicholson sued Allstate. He claimed that his managers criticized his work and disparaged him based on his race, age, and sex, in violation of Title VII, *see* 42 U.S.C. § 2000e-2, and the Age Discrimination in Employment Act, 29 U.S.C. § 623; that Allstate fired him in retaliation for his complaints about his treatment, *see* 42 U.S.C. § 1981, 2000e-3; and that the RIF was a cover for Allstate's retaliatory motive. Nicholson also contended that his coworkers created a hostile work environment by harassing him with threats, racial and vulgar language, and physical altercations. He lastly argued that Allstate failed to accommodate his sleep apnea by allowing him to work from home, in violation of the Americans with Disabilities Act. *See* 42 U.S.C. § 12112.

The district court granted summary judgment for Allstate on all of Nicholson's claims. The court deemed Allstate's facts admitted because Nicholson failed to cite admissible evidence in response to those facts, in violation of Local Rule 56.1(b)(3)(C). The court thus accepted Allstate's explanation that he was laid off as part of the RIF because of his skill set, performance rating, and lack of seniority—reasons that the court found to be "completely" nondiscriminatory. The evidence, the court added, was nevertheless insufficient to convince any reasonable jury that race, age, or sex motivated Allstate's decision to fire Nicholson; that those characteristics were the but-for cause of his termination; that Allstate retaliated against him for complaints of discrimination (either to Allstate's human-resources department or the EEOC); or that he was subjected to a hostile work environment. Lastly, Nicholson's ADA claim failed, the court concluded, because Nicholson himself obstructed Allstate's effort to accommodate his disability by providing only irrelevant medical documentation.

On appeal Nicholson first argues that the district court should not have granted summary judgment on his discrimination claim because he provided the requisite evidence to support his claims that his managers presumed him incompetent and mistreated him because he is older, male, and black. Nicholson received the required warning that if he did not explain, and support with evidence, how and why he disagreed with Allstate's factual statements, the court would admit Allstate's facts, yet he failed to properly support his factual response. And he does not now challenge the court's admission of Allstate's facts showing that the company fired him based on his poor performance, absent skills, and low seniority. As the district court explained, Nicholson's admission dooms his claim that Allstate treated him unfavorably on the basis of his race, sex, or age. Although judges must construe pro se pleadings liberally, procedural rules cannot be disregarded. *See, e.g., Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008).

Nicholson next maintains that the RIF was a smokescreen to hide Allstate's firing of him and that it fired him because he complained of discrimination internally and to the EEOC. But as discussed above, Nicholson failed to contest properly Allstate's assertion that he was laid off for nondiscriminatory reasons. His only contrary evidence is that the RIF occurred one month after his complaints, but rumors about the layoff had spread one month *before* he complained. Further, coincidental timing alone is insufficient evidence to survive summary judgment. *See Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011). And it is wholly implausible—and unsupported on this record—for Nicholson to suggest that Allstate laid off fifty-three other employees to cover its tracks with regard to his termination. *See Davis v. Con-Way Transp. Central Express, Inc.*, 368 F.3d 776, 785 (7th Cir. 2004).

Nicholson next identifies twelve incidents of alleged harassment based on his race, age, and sex that he believes were severe enough to support his claim of a hostile work environment. But the district court properly concluded that he provided evidentiary support for only four: A coworker throwing his work on his desk and floor; his manager standing behind him, arms crossed, while he was teleconferencing; a coworker referring to his pants as "Zubaz"; and a different coworker changing his meeting calender. These allegations, if true, suggest minor, isolated conduct not based on Nicholson's race, age, or sex, and thus do not constitute harassment. *See Ford v. Minteq Shapes and Servs., Inc.*, 587 F.3d 845, 847 (7th Cir. 2009); *Luckie v. Ameritech Corp.*, 389 F.3d 708, 713–14 (7th Cir. 2004).

Nicholson lastly challenges the district court's conclusion that he caused the breakdown in the accommodation process. He acknowledges that he provided the medical documents requested, but maintains that Allstate failed to grant his requests to work from home. Nicholson's documents, however, are not what Allstate requested. He provided only

notices of doctors' visits and outdated medical forms noting that he had sleep apnea and diabetes. None of these documents discusses whether an accommodation would be medically appropriate or necessary. By failing to provide the requested documents, Nicholson did not make Allstate aware of any medical need for an accommodation, and thus Allstate was not obligated to provide one. *See Ekstrand v. Sch. Dist. of Somerset*, 583 F.3d 972, 975–76 (7th Cir. 2009); *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135–36 (7th Cir. 1996). Nicholson's only other evidence is his vague statement that being able to work from home would "probably help" his condition, but this statement is not corroborated by the medical evidence.

We have reviewed the remainder of Nicholson's arguments, but none has merit.

AFFIRMED.